ACCEPTED
03-15-00294-CV
5309373
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/15/2015 4:14:12 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00294-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/15/2015 4:14:12 PM
JEFFREY D. KYLE
Clerk

MANOR INDEPENDENT SCHOOL DISTRICT
*Appellant*

*v.*

DEYDRA STEANS
*Appellee*

From the District Court of Travis County, 353RD Judicial District
No. D-1-GN-13-000241, Honorable Tim Sulak, Judge Presiding

APPELLEE'S EMERGENCY MOTION FOR RECONSIDERATION OF
TEMPORARY ORDER ON
APPELLANT'S MOTION FOR EMERGENCY STAY

Appellee submits this Emergency Motion for Reconsideration of Temporary Order on Appellant's Motion for Emergency Stay in accordance with T.R.A.P. 10.3 and 29.5.

A. Introduction

1. Appellant is the Manor Independent School District and Appellee is Deydra Steans (now Deydra Steans King).

2. Appellant and Appellee just finished hearings on Motions for Summary Judgment and Pleas to the Jurisdiction filed by MISD on or about March 4, 2015.

1

The hearings were held in April after hundreds of pages were filed by MISD as either part of the motion, evidence in support thereof or post-trial briefing that was permitted by the court. After the trial court heard 3 hours of argument on the case and was able to study and review the filings of the parties, the trial court granted a number of MISD's requests but did not do so regarding various claims under Chapter 21 Texas Labor Code though it did eliminate one of those claims. Trial has been set for May 18, 2015 for quite some time. The trial court issued a letter detailing its decision but as the parties have disagreed about the terms of an order, no traditional order has been issued. Steans has worked diligently in regards to trial deadlines that both parties have known for months and has filed her witness and exhibit lists, deposition excerpts intended for use and motions in limine. Also, witnesses have been contacted and committed to appear for the trial of the case. The undersigned counsel was unable to undertake out of state travel to a Board Meeting in Florida because of commitment to this litigation. The case was filed January 18, 2013, and the last pleading filed by Steans was September 11, 2013 and the last answer filed by MISD was December 10, 2013. This is well beyond the 180 days the law contains for a litigant to maintain an automatic stay.

## B. Argument and Authorities

3.     This case does not qualify as an Emergency. The Texas Legislature has made it clear that only those appeals from interlocutory decisions that are made

within 180 days require an automatic stay of a proceeding. This case was filed in 2013 and it was not until 2015 that the Plea to the Jurisdiction was filed. It was filed based on information available to the prospective Appellants back in 2013. The matter went to a full hearing and after considering hundreds of pages of evidence and pleadings from the prospective applicant and responses from Ms. Steans, the trial court decided to grant their request in part and deny it in part. At this time, no order is in place as the parties have disagreed as to the form of the order. Counsel spent last evening with a mediator and opposing counsel in an attempt to resolve the dispute. Ms. Steans-King has waited so long for a trial, has prepared, and announced ready for trial next week so she is clearly harmed or injured by this action.

4.     The case was jointly set by counsel on the urging of a district court judge. It was set for Monday the 18th of May. Travis County has many pre-trial rules regarding upcoming trials, and though the matters regarding the pending motion for summary judgment and plea to the jurisdiction were unsettled, Ms. Steans worked diligently to prepare witness lists, exhibit lists, deposition excerpt designations, and motions in limine in order to be ready for trial.

5.     There was no need for the Appellee to wait so long before filing this plea on the eve of trial. Clearly, the nature of the pleading was such to where it could have been filed within 180 days. The Plea addressed issues regarding discrimination

3

against the girl's athletic program at Manor that was not fact based and whether issues were properly preserved in the EEOC charges made by Steans. Appellant's Pleas to the Jurisdiction were based on the following matters:

i. Plaintiff's request for a receivership and declaratory and injunctive relief should be dismissed.

ii.. Alternatively, the Plea regarding Plaintiff's request for prospective relief (including receivership and declaratory) regarding girl's athletic program should be granted based on immunity.

iii. Alternatively, the Plea regarding Plaintiff's request for appointment of receiver should be granted based on lack of jurisdiction because Plaintiff failed to exhaust admin remedies. This was primarily legal based.

iv. The Plea to the Jurisdiction regarding Plaintiff's Chapter 21 Labor Code claims should be granted because barred by immunity based on failure to timely exhaust administrative remedies.

v. Defendant's Plea to the Jurisdiction should be granted regarding Plaintiff's retaliation claims because cannot demonstrate some required elements of claim.

4

vi. Alternatively, even if Plaintiff shows prima facie retaliation and/or sex discrimination, Court should grant the Plea to the Jurisdiction based on pretext.

vii. Court should grant the Plea to the Jurisdiction on Plaintiff's Chapter 21 claims regarding disparate treatment of coaches in the boys as compared to the girls program [such a claim was not actually made].

viii. The Court should grant the Plea to the Jurisdiction on Plaintiff's claims of retaliatory failure to hire/offer Plaintiff a new coaching contract in violation of Chapter 21.

ix. Court should grant the Plea to the Jurisdiction on Plaintiff's claim of sexual harassment/hostile environment because Plaintiff has no evidence of the required elements.

x. Even if Plaintiff can establish the elements of a hostile environment claim based on sexual harassment and retaliatory hostile environment, Defendant is entitled to an affirmative defense because it established an affirmative defense.

xi. Court should grant the Plea to the Jurisdiction on Plaintiff's free speech retaliation claim

5

xii. Court should grant the Plea to the Jurisdiction as to Plaintiff's common law claims because they were barred by sovereign immunity and preempted by Chapter 21.

xiii. Court should grant Defendant's Plea to the Jurisdiction on Plaintiff's claim for exemplary damages

Most of these requests in the Plea to the Jurisdiction were legally based or based on facts that were known early on by the district. The Court granted many of the requests made by Manor Independent School District but permitted the case to go forward on sexual discrimination against Steans in terms of her pay as alleged in her EEOC charge, sexual harassment as alleged in her EEOC Charge and retaliation as alleged in her EEOC Charge. MISD had the EEOC documents well within the 180 day time period. More than 180 days before filing the Plea to the Jurisdiction. Discovery commenced in February 2013. Steans' deposition was taken on September 16, 2013. The last discovery sent by MISD was on or about November 15, 2013. This was a year and a half before the Plea to the Jurisdiction was filed. Steans took depositions in 2014 but had to file a Motion to Compel in order to be able to do so.

6.      MISD has raised the issue of settlement negotiations. However, settlement negotiations should not be a consideration in regards to whether the case should be stayed. The case was tentatively settled around March of last year and then around

April of last year subject to approval by the MISD Board but the Board rejected the settlement in May. That was a year ago. The settlement discussions took place in 2014 and not within the 180 day time period.

7. The Notice of Interlocutory Appeal is premature in this case, unless the letter from the Judge Sulak serves as an order in this case.

8. Permitting this case to go forward will in no way interfere with the jurisdiction of the Appellate Court and in fact going forward will enhance the court's jurisdiction. Pleas to the Jurisdiction are decided on many matters that have gone to trial. This is not something that presents a problem (it occurs regularly), but instead promotes judicial efficiency. One should not encourage untimely Pleas to the Jurisdiction that undermine the interests of a Litigant. If the matter goes to trial, there will be clarity on what, if anything, the jury finds a violation regarding and those matters will be subject to the Court of Appeals finding. If a jury trial is permitted to go forward, this will be like any other appeal. If the jury provides an award for something cut out by the Court of Appeals, then that automatically goes away as long as the appeal stands. And of course any items for which the Court of Appeals decides are appropriate, any jury award would then still stand. Interference as meant by the statute is in regards to matters that interfere with the court's jurisdiction such as dismissing an order that provided the basis for an appeal. *Garcia v. Marichalar*, 185 S.W.3d 70, 73 (Tex.App.—San

7

Antonio 2005). It seems clear that judicial efficiency is only furthered by denying the request for an emergency stay, because to grant it is to encourage conduct that will waste time and expense involving litigants. If the stay is granted, Ms. Steans will have to wait another year or year and a half before she goes to trial. This is unfair and is harmful to her.

9. MISD's request essentially makes the law a nullity. There is a reason for the 180 day provision. The law says clearly that in order to automatically stay a proceeding the filing should take place within 180 days after the defendant files their original answer—not more than 2 years later as here. Further, Section 29.5 of TRAP provides that a trial court retains jurisdiction of the case and may proceed with a trial on the merits.

10. The trial court still has a duty to go forward with trial unless this court stays this proceeding. *Evans v. C. Woods Inc.*, 34 S.W.3d 581 (Tex.App.--Tyler 1999). And if we look to the federal courts for guidance in this matter we can see where granting a stay would be improvident. In that system, the standards for granting a stay pending appeal are well-established: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct.

8

2113, 95 L.Ed.2d 724 (1987); *see also Nken,* 556 U.S. at 426, 129 S.Ct. 1749.  It would seem as though the public interest in this matter lies in following the Texas State law.

In order to illustrate to the court the matters raised in the response, we attach the following:

a.     The latest pleading by Plaintiff;

b.     The response by Defendant to the latest pleading;

c.     The docket sheet of the case from Travis County; and

d.     Affidavit of Gary L. Bledsoe.

C. Conclusion/Prayer

For the reasons stated in this motion, Appellee asks that the Court to rescind its temporary order on Appellant's Emergency Motion to Stay to prevent harm to Appellee.

Respectfully submitted,

**POTTER BLEDSOE, LLP**

By:    **/s/ Gary L. Bledsoe**
        Gary L. Bledsoe
        State Bar No. 02476500
        gbledsoe@potterbledsoe.com
        Harry G. Potter III
        hpotter@potterbledsoe.com
        State Bar No. 16175300
        Alondra G. Johnson

ajohnson@potterbledsoe.com
State Bar No. 24087801
316 W. 12th Street
Austin, Texas 78701
(512) 322-9992 Telephone
(512) 322-0840 Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that on May 15, 2015, my office conferred with opposing counsel Jennifer Powell, and she opposes to Appellee's Emergency Motion for Reconsideration of Temporary Order on Appellant's Motion for Emergency Stay.

/s/ **Gary L. Bledsoe**
Gary Bledsoe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel on this 15th day of May 2015, through the Court's electronic filing system and by electronic mail and/or fax to the following:

Jennifer A. Powell
Eichelbaum, Wardell, Hansen, Powell & Mehl, P.C.
4201 Parmer Lane, Suite A100
Austin, Texas 78727
512/476-9944
512/472-2599 fax
jpowell@edlaw.com
cc:nbn@edlaw.com

**ATTORNEY FOR DEFENDANT**

<u>/s/ **Gary L. Bledsoe**</u>
Gary Bledsoe

Filed
13 September 11 P5:57
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-000241

## CAUSE NO. D-1-GN-13-000241

| | | |
|---|---|---|
| **DEYDRA STEANS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **OF TRAVIS COUNTY, TEXAS** |
| | § | |
| **MANOR INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| *Defendant* | § | **200th JUDICIAL DISTRICT** |

## PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff Deydra Steans, who files this Second Amended Petition seeking compensatory relief and compensatory and other damages for violations of her rights protected by law.

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that she seeks monetary relief aggregating more than $50,000.

### B. Parties

2. Plaintiff is DEYDRA STEANS, a resident of Travis County, Texas.

3. Defendant is MANOR INDEPENDENT SCHOOL DISTRICT, a local governmental entity of the State of Texas located in Travis County.

### C. Venue

4. Venue for these causes of action lies in Travis County, Texas, pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code, because the events giving

rise to the causes of action occurred primarily in Travis County, Texas, and the Defendant is located in Travis County, Texas.

## D. Facts

5. Plaintiff is an African-American female teacher and former Volleyball Scholarship athlete in college. Plaintiff is currently employed in the Manor Independent School District ("MISD" or "Defendant"). In addition to teaching Health and Special Education, she previously also coached girls' volleyball and soccer. She is also a single mother with a 6-year-old daughter.

6. The girls' athletic program at MISD does not receive the same treatment as the boys' program. Defendant disadvantages the girls' program in material ways. The disadvantages include, but are not limited to, the following:

- Discriminating against girls by not affording them comparable meal arrangements made for boys;
- Providing the boys' teams with new uniforms, but not the girls' teams;
- Through its Athletic Director, refusing or failing to provide funding for coaches to run a girls' summer strength and conditioning program, even though the girls' coaches were asked to step-up their athletic programs;
- Refusing, through its athletic director, to provide comparable meal arrangements or other accommodations for the junior high girls' program, and removing the female athletic coordinator from budget responsibilities when the female coaches complained;
- Authorizing the Booster Club to prepare meals for many of the boys' games but none of the girls' games;

- Paying male coaches—but not female coaches—for strength and conditioning program sessions that did not take place;

- Not providing coaches with the necessary experience to assist the girls' teams most effectively, and generally limiting how assistant coaches were hired for the girls' athletic programs;

- Not permitting some of the female assistant coaches to travel with the team.

7. Plaintiff sought to have the boys' and girls' programs treated more equally. Girls' teams were treated differently in terms of meals, payments to coaches to conduct a summer strength and conditioning program, and a host of other inequities. Plaintiff complained to Athletic Director Sadd Jackson, Transportation Officials, and Girls' Athletic Coordinator Sharon Robbins about the inferior treatment of the girls' programs. She also openly supported allegations made against the school district by Coach Tim Walker.

8. Plaintiff approached Jackson about implementing a summer strength and conditioning program for the female athletes. Plaintiff first ran such a program for the girls in 2010. The girls' program was a success.

9. On one occasion, during a May 2010 scholarship signing for two MISD athletes, Jackson touched Plaintiff's breasts inappropriately. He later sent inappropriate text messages to her, including messages about how good it felt to touch her breasts. To avoid conflict, she did her best to ignore the situation. Tim Walker observed the text messages and attempted to convey to HR and appropriate authorities that he agreed they were inappropriate.

10. As Plaintiff continued coaching, her teams saw improvement in their win records. Plaintiff also built positive relationships with the students under her direction and was generally well-liked by the students.

11. As the summer of 2011 approached, Plaintiff spoke to Jackson about repeating the strength and conditioning program. Many parents had expressed interest in having their daughters participate. Jackson called Plaintiff to a private meeting in his office on the subject on or around May 5, 2011, late in the day. At that meeting, Jackson proposed to Plaintiff that he would let her run a girls program that summer if she provided him with sex. She was alarmed and frightened by this and left the meeting in a troubled state. After Plaintiff rejected Jackson, Jackson continued his unwelcome harassment and advances on a continual and ongoing basis.

12. Plaintiff sought out Ms. Robbins, the athletic coordinator, and told her of Jackson's actions and his decision to deny the girls a summer strength and conditioning program. Robbins's position is superior to Plaintiff and subordinate to Jackson. Plaintiff informed Robbins of the discrimination against girls and how this would set them back. Jackson approached Plaintiff the next day and shook his finger in front of her face and yelled that he ran things in Manor and everything had to go through him. This was embarrassing to Plaintiff as she was being accompanied by her students when this occurred.

13. Plaintiff did run a strength and conditioning program for the female athletes in the summer of 2011. She was not paid for running the program until August, even

though the coaches who operated the boys' program were paid in June, July and August. Plaintiff did not know whether she would be paid at all for running the program, until she received payment in August, because Jackson told her the only way to run a program for girls was if she were to volunteer.

14. Plaintiff went to HR with her discrimination and harassment issues. She explained to HR in detail what had been done, but the HR director Mr. Watson advised her to change her statement. Watson then asked her to meet with him and the Deputy Superintendent. After Plaintiff disclosed the issues to the Deputy Superintendent, he advised her to try to work things out with Jackson. He told her she would not want him to have to become involved.

15. After having complained to superiors about the sexual harassment, the disparate treatment of the boys' and girls' athletic programs, and the fact of not being paid for running the program, Plaintiff found herself the subject of undue scrutiny and sanction. Administration treated her differently than all other teachers and coaches. The terms and conditions of her employment greatly worsened as a result of this treatment. Principal Kevin Brinkmeyer wrote Plaintiff up for attending a tournament with her athletes, during season, without having asked permission. He and others applied non-existent rules to Plaintiff in an attempt to further harass, discriminate and retaliate against her. Mr. Jackson warned male coaches about helping Ms. Steans with work, and she became isolated. Many of the coaches who had been friendly with her refused to speak with her. She was harassed about her whereabouts during the school day and given new

and harassing assignments that had not previously been required of her as a teacher or a head coach. When Ms. Steans sent information to the principal to announce the successes of her girls' volleyball team, he refused to do so. Administrators assigned to work volleyball games started not to show. Brackmeyer even indicated to Plaintiff that he was watching her on the school cameras. Ms. Steans complained to a School Resource Officer about how Brackmeyer was making her feel. The School Resource Officer was called in and confronted by Brackmeyer who questioned specifics of Plaintiff's complaints. The officer was moved to another Manor ISD campus for the remainder of the school year and is now assigned to a campus in a different school district altogether.

16. In 2011 Plaintiff filed sex discrimination and sexual harassment charges, but a School Board Member encouraged her to drop the allegation and warned her that she could be fired if she did not. Several months later, Coach Walker informed the Human Resources Department that he had seen the text messages from Jackson on Plaintiff's cell phone, and he confirmed that they were inappropriate. Walker was engaged in trying to correct repeated violations of state rules relating to University Interscholastic League competition. He continued in its discrimination, retaliation, and harassment towards Plaintiff, even after Walker talked with HR about the text messages. In early 2012, Plaintiff filed another formal charge of sexual harassment, discrimination, and retaliation.

17. Shortly after, Plaintiff was informed – without details or reasons – that her dual assignment contract to teach and coach would not be renewed. She was offered a

contract to teach only and not to coach. She accepted the position under protest, letting them know that the decision was involuntary. A hearing was held before the School Board to determine the non-renewal of Plaintiff's coaching contract. The hearing was rife with procedural irregularities that unduly prejudiced the Board against the Plaintiff, and the decision to non-renew was upheld. The School Board declined to dismiss the hearing because Plaintiff had accepted the non-coaching contract.

18. At the hearing, Jackson testified that the male coaches were paid for the summer 2011 programs at the same time as Plaintiff. He testified that he had paperwork problems and did not submit any requests for payment until August. See Exhibit A, excerpts of hearing transcript. Contrary to this testimony, though, male coaches had in fact been paid in June; Plaintiff was paid in August, and only after making HR aware of the discrepancies. See Exhibit B, payroll stubs. This is just one example of the false information tendered at the hearing. Also, one School Board Member refused to recuse himself from the hearing and participated throughout the proceedings, but then recused himself from voting because of a family relation to Jackson.

19. Defendant has continued to treat Plaintiff differently. Defendant failed to inform Plaintiff about a stipend that was available to her in her new position, declined to assist her in applying for the stipend, and failed to complete necessary paperwork related to the stipend application. Defendant also delayed in assigning Plaintiff to a school and did not permit her to coach.

20. Since these events, Plaintiff has suffered from repeated panic attacks, depression, stress, and loss of sleep. Any time she comes into contact with Coach Jackson, she feels the stress, and it often escalates into a panic attack, where she experiences hot flashes, shaking, and crying. Some of Plaintiff's friends have stopped talking with her. She feels she is being avoided. She has stopped eating in the cafeteria with other teachers, students, and coaches. She spoke with her doctor about her depression, stress, and panic attacks. He told her if they continued, he would refer her to a psychiatrist, and he prescribed sleep aids.

21. Plaintiff has felt continued intimidation from Coach Jackson and others associated with the Defendant school district, on an ongoing and continual basis and in a variety of ways. Jackson has physically brushed against her when passing her in an uncrowded hallway. She did not feel like she could report this intimidation because of how her previous reports to HR have not resulted in any benefit to her or discipline against him.

22. Plaintiff has also felt continued harassment from principal Brackmeyer, who is now the Superintendent of MISD. He peered into her classroom after the allegations surfaced, talked about her over campus radios, interrogated school resource officers about her, frequently wrote her up and placed requirements on her and her alone, and taken adverse and unjustified actions against her.

23. Plaintiff feels insulted and hurt that all employees continue to complete sexual harassment training modules. She feels it is a slap in the face for the Defendant to require this training and then punish her for standing up for herself and her female students.

### E. Causes of Action

24. Paragraphs 5 through 23 are hereby incorporated by reference for all purposes.

25. Defendant wrongfully discharged Plaintiff from her coaching contract in retaliation to her formal complaints in violation of Chapter 21, TEX. LAB. CODE, and the common law.

26. Defendant wrongfully failed to offer Plaintiff a new coaching contract in retaliation to her formal complaints in violation of Chapter 21, TEX. LAB. CODE, and the common law.

27. Defendant sexually harassed Plaintiff in violation of Chapter 21, TEX. LAB. CODE, and the common law.

28. Defendant retaliated against Plaintiff for her formal complaints by creating a hostile work environment in violation of Chapter 21, TEX. LAB. CODE.

29. Defendant discriminated against Plaintiff and against the girls' program staff generally in violation of Chapter 21, TEX. LAB. CODE, and the common law.

30. Defendant, as a governmental unit, has violated Plaintiff's freedom of speech under the Texas Constitution, art. 1, Section 8 by curtailing the liberty of her speech when she spoke out against mistreatment of the students involved in the girls' athletic

program as compared to the treatment of the students involved in the boys' athletic program.

## F. Damages

31. Paragraphs 5 through 23 are hereby incorporated by reference for all purposes.

32. The defendant's wrongful actions have harmed the Plaintiff by invading her person and her sense of self in an offensive and harassing manner; treating her unfairly as a direct result of her righteous actions; reducing her pay which damages her livelihood; damaging her reputation as a successful coach; and harming the girls' athletic program, which she worked hard to improve.

33. Plaintiff seeks compensatory damages awarding her compensation for back pay not received as a result of the wrongful loss of her coaching contract.

34. Plaintiff seeks any other compensatory damages to which she is entitled.

## G. Equitable Remedy

35. Plaintiff seeks reinstatement of her coaching contract under Chapter 21, TEX. LABOR CODE.

36. Plaintiff seeks to have funding of the athletic program at Manor Independent School District appointed to a receivership. Although Chapter 64, TEX. CIV. PRAC. & REM. CODE provides for a number of specific circumstances where a receivership would be appropriate, it also allows a receivership generally to be appointed whenever appropriate under the rules of equity. Sec. 64.001(a)(6), TEX. CIV. PRAC. & REM. CODE.

As such, the appointment of a receivership is entirely within the discretion of the court. *See In re Estate of Herring,* 983 S.W.2d 61, 65 (Tex.App.–Corpus Christi 1998, no pet)(citing to *O&G Carriers, Inc. v. Smith Energy 1986 – A Partnership,* 826 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1992, no writ); *Cross v. Cross,* 738 S.W.2d 86, 89 (Tex. App.–Corpus Christi 1987, writ dism'd w.o.j.); *B&W Cattle Co. v. First Nat'l Bank,* 692 S.W.2d 946, 951 (Tex. App.–Amarillo 1985, no writ)). The nature of Defendant's harm to Plaintiff calls for a receivership because the defendant has shown gross misconduct by the current leadership's handling of the athletic program's funding. The Defendant has asserted performance issues on the part of the Plaintiff, as part of its reason for terminating her coaching contract. The Plaintiff has an interest in the operation of the athletic program where she seeks reinstatement, and wishes to ensure that the funding of the program is handled in a manner that is fair and equitable, and that allows her to perform her duties under the contract. The current leadership of that program has shown a consistent disregard for equity. And equity will not suffer a wrong to be without a remedy. To ensure equitable funding of the Defendant's athletic program, specifically as between the boys' program and the girls' program, equity calls for a receiver to be appointed. By treating the boys more favorably than the girls, Defendant has made it more difficult for coaches in female sports – and particularly female coaches – to work under equal or comparable terms and conditions of employment and perform to the best of their ability under the circumstances. If the girls' programs are not equitably funded so they can be put in a position to compete, then it greatly alters the terms and

conditions of employment for their coaches. So it was for the Plaintiff. Girls should be given comparable opportunities to have strength, conditioning and weight training; meals prior to and after athletic events; and proper uniforms in which to compete. In this case should Plaintiff prevail it must be clearly understood that the alleged perpetrator in this case is the Athletic Director who would continue to be in a position to thwart advances by female coaches or girls' athletics. It is also alleged that the current Superintendent engaged in retaliatory behavior against the Plaintiff when he was the Principal at her school. As such, the need for equitable relief is clear and necessary, either under Labor Code Chapter 21 or the Texas Constitution and the Civil Practice and Remedies Code.

37. Plaintiff seeks any other equitable remedy this court sees fit to institute.

### H. Declaratory Judgment

38. Plaintiff seeks a declaratory action by this court under Chapter 37, CIV. PRAC. & R. CODE ordering Manor Independent School District to operate its girls' athletic program equitably to its boys' athletic program. Either cumulatively with or alternatively to the equitable relief requested above in paragraph 36, the Plaintiff requests this court to enter a declaratory judgment under its liberal powers to declare the rights, status, or other legal relation to the parties in interest. The Plaintiff has an interest in the operation and funding of the girls' athletic program vis-a-vis the boys' athletic program in the Defendant school district, to which program she seeks reinstatement. The current leadership has shown a manifest disregard for equitable operation of the program, discriminatorily favoring the boys over the girls, interfering with the Plaintiff's ability to fulfill her

obligations as a girls' coach. The Plaintiff seeks a declaratory judgment that such discrimination in the operation and funding of the program should immediately cease; and the Defendant should be required, under the court's authority to declare rights, to operate its program in concordance with the Plaintiff's rights and status under her contract. The girls' program has been sorely underfunded, and the girls as a whole have not been treated comparably to the boys. It is essential that girls be given coaches who are put in a position to succeed that is comparable to male coaches. That includes, but is not limited to, funding of the programs associated with girls' athletics, food, and proper athletic support operations. This equitable result may be reached by declaring rights under either Chapter 21 of the Texas Labor Code or the anti-sex discrimination provision of the Texas Constitution.

## I. Exemplary Damages

39. Plaintiff seeks exemplary damages under Chapter 21, TEX. LAB. CODE because Defendant's actions constituted a prohibited employment practice.

40. Plaintiff seeks exemplary damages under Chapter 31, CIV. PRAC. R. CODE because Defendant's actions that harmed Plaintiff were conducted with malice.

## J. Attorney Fees

41. Plaintiff is entitled to recover reasonable and necessary attorney fees under Chapter 21, TEX. LAB. CODE because this suit charges Defendant with a prohibited employment practice.

42. Plaintiff is entitled to recover reasonable and necessary attorney fees under Chapter 38, CIV. PRAC. & R. CODE because this suit seeks reinstatement under and enforcement of a written employment contract.

### K. Conditions Precedent

43. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred. See Exhibit C, right-to-sue letter from Texas Workforce Commission.

### L. Demand for Jury

44. Plaintiff demands a jury trial and tenders the appropriate fee with her original petition.

### M. Prayer

46. For these reasons, Plaintiff asks that defendant be cited to appear and answer and on final trial that Plaintiff have judgment against defendant for the following:

a. compensatory damages, including compensatory back pay;

b. reinstatement of her coaching contract;

c. the appointment of a receiver to oversee operation of the MISD athletic department;

d. a declaratory order that MISD operate its girls' and boys' athletic departments equitably;

e. exemplary damages;

f. attorney fees, court costs, and all other costs allowable; and

g. any other relief to which Plaintiff is entitled in law or equity.

Respectfully submitted,


/s/ Gary L. Bledsoe
Gary L. Bledsoe
State Bar No. 02476500
Harry Potter
State Bar No. 16175300
Matt Johnston
State Bar No. 24080966
Potter Bledsoe LLP
316 West 12th Street, Suite 307
Austin, Texas 78701
Telephone: (512) 322-9992
Facsimile: (512) 322-0840
*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that a true and correct copy of the attached document was served this day, September 11, 2013, on the defendant through its counsel of record by email, pursuant to the parties' agreement to accept electronic service, at the following address:

Jennifer A. Powell
Eichelbaum, Wardell, Hansen, Powell & Mehl, P.C.
4201 Parmer Lane, Suite A100
Austin, Texas 78727
512/476-9944
512/472-2599 fax
jpowell@edlaw.com
cc: nbn@edlaw.com
*Attorneys for Defendant*


/s/ Matt Johnston
Matt Johnston

# EXHIBIT A

Unofficial copy - Travis Co. District Clerk Velva L. Price

MANOR INDEPENDENT SCHOOL DISTRICT

HEARING ON PROPOSED NONRENEWAL OF

DEYDRA STEANS

MAY 21, 2012

BE IT REMEMBERED, that heretofore, to-wit: On the 21st day of May, 2012, from 10:25 p.m. to 1:07 a.m., the above-entitled matter came on for hearing at the regular meeting of the Board of Trustees for the Manor Independent School District, sitting in the Administrative Building Board Room, 10335 Highway 290 East, Manor, Texas, at which time the following proceedings were had and adduced as hereinafter set forth:

Unofficial copy - Travis Co. District Clerk Velva L. Price

**2**

APPEARANCES

FOR THE MANOR INDEPENDENT SCHOOL DISTRICT:
BY: Mr. Scott McDonald
O'HANLON, McCOLLOM & DEMERATH
808 West Avenue
Austin, Texas 78701
Telephone: (512) 494-9949
Fax: (512) 494-9919
E-mail: smcdonald@808west.com

FOR THE EMPLOYEE:

BY: Mr. Gary L. Bledsoe
LAW OFFICES OF GARY L. BLEDSOE
316 W. 12th Street, Suite 307
Austin, Texas 78701-1844
Telephone: (512) 322-9992
Fax: (512) 322-0840
E-mail: g.bledsoe@westel.net

BOARD OF TRUSTEES:
Ms. Desiree Cornelius-Fisher, President
Mr. Allen Embuhl, Vice President
Mr. Matildy V. Samaripa, Jr., Secretary
Ms. Melinda Piebig, Trustee
Dr. Adriana Gutierrez, Trustee
Mr. John Jonse, Trustee
Mr. Marlin Thomas, Trustee

FOR THE MANOR ISD BOARD OF TRUSTEES:

BY: Mr. Sal Levatino
ATTORNEY AT LAW
1524 South IH-35, Suite 234
Austin, Texas 78704
Telephone: (512) 474-4462
Fax: (512) 482-0051
E-mail: levatino@ONH.COM

ALSO PRESENT:
Mr. Andrew Kim

**3**

INDEX

Appearances .................................... 2
Proceedings ................................... 6
Opening Statement by Mr. McDonald ............ 28

WITNESSES FOR MISD ADMINISTRATION   DIRECT  CROSS
Nillie Watson, Jr.                   31, 71   63
Kevin Brackmeyer                      74      79
Sadd Jackson                                  88

                                      PAGE
Administration Rests ..................... 92

WITNESSES FOR THE EMPLOYEE          DIRECT   CROSS
Alejandro Hernandez                 97, 99   99
Nicole C. Lara                      100
Dionisia Brown                      102
Timothy W. Walker, Sr.              105      109
Deydra Steans                       117, 134 131, 139
Melly Schmidt                       143      145

                                      PAGE
Confidential Question ......................... 111
  (Lines 2 and 3)
Closing Argument by Mr. McDonald ............. 146
Closing Argument by Mr. Bledsoe ............. 150
Board Discussion ............................. 155
Motion ....................................... 165

**4**

INDEX, Continued

                                      PAGE
Motion Second ................................ 166
Proceedings Adjourned ........................ 168
Court Reporter's Certification ............... 169

ADMINISTRATION EXHIBITS

| NO. | DESCRIPTION | OFFER | ADMIT |
|---|---|---|---|
| 1 | Dual Employment Term Contract of Deydra Steans for 2011-2012 school year | 33 | 34 |
| 2 | Board Policy DFBB Local | 35 | 38 |
| 3 | April 5, 2012 letter from W. Watson to D. Steans regarding Superintendent's intention to recommend to the Board that it proposes nonrenewal | 33 | 34 |
| 4 | April 10, 2012 letter from D. Steans to W. Watson regarding proposed nonrenewal and new contract of employment | 33 | 34 |
| 5 | Notice and Agenda of April 11, 2012 regular Board meeting | 33 | 34 |
| 6 | April 27, 2012 Notice of Proposed Nonrenewal | 33 | 34 |
| 7 | April 30, 2012 written request for hearing from D. Steans | 33 | 34 |
| 8 | May 11, 2012 acknowledgment by D. Steans of hearings on proposed nonrenewal and grievance at May 21, 2012 Board meeting | 33 | 34 |
| 9 | Term contract of Deydra Steans for 2012-2013 school year | 33 | 34 |

**5**

ADMINISTRATION EXHIBITS

| NO. | DESCRIPTION | OFFER | ADMIT |
|---|---|---|---|
| 10 | Coaching evaluation of Deydra Steans for 2009-2010 | 33 | 34 |
| 11 | Coaching evaluation of Deydra Steans for 2010-2011 | 33 | 34 |
| 12 | E-mail correspondence | 33 | 34 |
| 13 | August 18, 2011 letter of reprimand from K. Brackmeyer to Deydra Steans | 33 | 34 |
| 14 | May 15, 2011 letter of reprimand from A. Price to Deydra Steans | | N/A |

EMPLOYEE EXHIBITS

| NO. | DESCRIPTION | OFFER | ADMIT |
|---|---|---|---|
| 1 | Written statements and E-mail correspondence | 94 | 96 |

JULIE A. JORDAN & COMPANY
PHONE (512) 451-8243 ~ FAX (512) 451-7583

88

her?

A. No, sir.

MR. McDONALD: No further questions.

CROSS-EXAMINATION

BY MR. BLEDSOE:

Q. Mr. Jackson, isn't it true that on the -- that in May of 2010, that you touched the breast of Ms. Stearns?

A. No, sir.

Q. Okay. Isn't it true that after that, you sent her a text message about how good it was?

A. No, sir.

Q. Okay. Isn't it true that a year later, in May, that when she -- the issue came up about whether or not she would be paid for coaching the team, the strength and conditioning -- the girls for strength and conditioning, that you called her into your office and told her she had to pay to play?

A. No, sir, absolutely not.

Q. And did you tell her about the number of girlfriends that you have and how you could manage to conceal an affair, if she was willing to engage in it, and that that's what your price was for her to be paid for the summer?

A. No, sir.

89

And to go back to your question before. I didn't call Ms. Stearns into my office. She came into my office because I had notified her that she would not be working that summer. So she came and brought the question to me.

Q. And isn't it true that, indeed, that she was not paid in June of 2011, isn't that true, for coaching the girls in strength and conditioning? Isn't that true?

A. No, that's not true.

Q. Okay. Isn't it true that she was only paid in July, after her complaint; that as the men were paid timely in June, she was not paid? Isn't that true?

A. That's not true either.

Q. Okay. So you're telling these folks, under oath, that Ms. Stearns was paid timely, as were the male coaches, in June of 2011?

A. The male coaches didn't receive their checks until August as well, because I was delayed in turning in all of the time sheets.

Q. Okay. So you're telling this body that she received her check the same time as the men?

A. What I'm telling this body is that her check was not deliberately delayed like any of the other coaches' checks were deliberately delayed. Due to my

169

STATE OF TEXAS )
COUNTY OF TRAVIS )

I, HOLLY SCHULZ, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above-captioned matter came on for hearing before the Manor Independent School District Board of Trustees on the 21st day of May, 2012, as hereinafter set out.

I FURTHER CERTIFY THAT the proceedings of said hearing were reported by me, accurately reduced to typewriting under my supervision and control, and that the foregoing pages are a full, true, and correct transcription of said proceedings.

I FURTHER CERTIFY THAT I am neither attorney or counsel for, related to, nor employed by any parties to the action in which this testimony was taken and further, I am not a relative or employee of any counsel employed by the parties hereto or financially interested in the action.

WITNESS my hand and seal on this 7th day of June, 2012.

HOLLY SCHULZ, CSR
Texas CSR 86097
Expiration Date: 12/31/13
JULIE A. JORDAN & COMPANY
Firm Registration #280
4420 Marathon Boulevard
Austin, Texas 78756
(512) 451-8243/(512) 451-7583 (Fax)
E-MAIL: info@jordanreporting.com

12-108

Unofficial copy - Travis Co. District Clerk Velva L. Price

# EXHIBIT B

Unofficial copy - Travis Co. District Clerk Velva L. Price

Unofficial copy - Travis Co. District Clerk Velva L. Price

Unofficial copy - Travis Co. District Clerk Velva L. Price

Check Information for █████████

Print
Back

## Employer Information

Name: MAJOR HD
Address: █████ HWY. ███ ████
PO BOX ███
█████, TX 78███

## Employee Information

## Check Detail Information

Check Date: ██/██/2011
Check Number: █████
Check Type:

Gross Wages:
Net Amount:

## Taxable Wage Information

Gross Wages:
Minus Deductions Prior Dedns Pre Tax:
Plus Taxable Benefits:
Taxable Gross Wages:

## Pays

| Description | | | Amount | Period End |
|---|---|---|---|---|
| EXTRA DAYS | | | | ██/██/2011 |
| FOOTBALL STIP | | | | ██/██/2011 |
| HS ATHLETICS | | | | ██/██/2011 |
| TRAINER | | | | ██/██/2011 |
| TRNSF | | | | ██/██/2011 |

## Deductions

Description    Amount Deduction Per
Taxable

## Benefits

Description    Taxable

# EXHIBIT C

Unofficial copy - Travis Co. District Clerk Velva L. Price

101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us

(512) 463-2642  Main
(512) 463-2643  Fax
(888) 452-4776 Toll Free



## Texas Workforce Commission
### Civil Rights Division

## 11/26/2012

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

Deydra R. Steans
c/o Gary L. Bledsoe
The Law Offices of Gary L. Bledsoe and Associates
316 W. 12th St., Suite 307
Austin, TX 78758

Re:     Deydra R. Steans v. MANOR ISD
        EEOC Complaint # 36A-2012-00083
        CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in Kramer v. Chemical Construction Corporation, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Jonathan Babiak
Division Director

RETURN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

MANOR ISD
c/o Leslie McCollom
O'Hanion, McCollom & Demerath
808 West Avenue
Austin, TX 78701

CERT-C-NCO2(6/92)

"The Texas Workforce Commission Civil Rights Division is an Equal Opportunity Employer"

RECEIVED
NOV 28 2012

12/10/2013 2:24:27 PM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-13-000241

CAUSE NO. D-1-GN-13-000241

| | | |
|---|---|---|
| DEYDRA STEANS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MANOR INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| *Defendant.* | § | 200TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO
## PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW, Defendant Manor Independent School District ("MISD") and files this its Original Answer to Plaintiff's Second Amended Petition (the "Petition") and would show as follows:

### I. PLEA TO THE JURISDICTION

MISD asserts that this Court lacks jurisdiction over certain of Plaintiff's claims.

### II. GENERAL DENIAL

Subject to its plea to the jurisdiction and affirmative defenses, and such stipulations and admissions as may be made, MISD asserts a general denial as is authorized by TEX. R. CIV. P. 92, and respectfully requests that Plaintiff be required to prove the charges and allegations made against MISD by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

### III. AFFIRMATIVE DEFENESES

1.      MISD affirmatively pleads that Plaintiff is barred from recovery of punitive damages under Chapter 21 of the Texas Labor Code, because the MISD is a governmental entity.

2.      MISD affirmatively pleads immunity from liability from one or more of Plaintiff's claims.

3. MISD affirmatively pleads that damages for Plaintiff's claims under Chapter 21 of the Texas Labor Code are limited by the statutory cap provided in Section 21.2585.

4. MISD affirmatively pleads that Plaintiff's claims under the common law are preempted by Chapter 21 of the Texas Labor Code.

5. MISD affirmatively pleads that Plaintiff's claims are barred in whole or in part by a failure to timely exhaust her administrative remedies and/or the applicable statute of limitations.

6. MISD affirmatively pleads that it exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

7. MISD affirmatively pleads that all actions taken with respect to Plaintiff were made in good faith compliance with federal and state law and for good cause, were justified or privileged, and were at all times motivated and required by legitimate business considerations.

8. In addition to the foregoing affirmative defenses, MISD affirmatively retains the right to add additional affirmative defenses, including those provided in Texas Rule of Civil Procedure 94, upon the completion of discovery.

## IV. SPECIAL EXCEPTIONS

In accordance with Rules 90 and 91 of the Texas Rules of Civil Procedure, MISD files the following special exceptions to the Petition:

1. MISD specially excepts to paragraph 36 of the Petition, wherein Plaintiff requests that the athletic program at MISD be "appointed to a receivership," because such a cause of action is not available.

2.     MISD specially excepts to paragraph 38 of the Petition, wherein Plaintiff seeks a "Declaratory Judgment," including a declaration of rights pursuant to Chapter 21 of the Texas Labor Code, the Court to order MISD to "operate its girls' athletic program equitably to its boys' athletic program." Plaintiff's Petition fails to state a cause of action with respect to Chapter 21 because Chapter 21 does not address gender equity between students or in athletics.

## V. ATTORNEY'S FEES

Plaintiff's suit is frivolous, unreasonable, and without foundation. Therefore, MISD is entitled to costs and reasonable attorney's fees under Section 11.161 of the Texas Education Code and the principles set forth in *Alyeska Pipeline Serv. v. Wilderness Soc'y*, 421 U.S. 240 (1975). Fees can be awarded even if only some of the Plaintiff's claims are found to be frivolous, unreasonable and without foundation. *See Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 350 (Tex. App.—San Antonio 2006, pet. denied).

## VI. PRAYER

**WHEREFORE**, Defendant Manor Independent School District requests judgment of the Court as follows:

1.     Plaintiff takes nothing by this suit;

2.     MISD recover all costs, including reasonable and necessary attorney's fees, together with such other and further relief in law and equity to which Manor ISD may be entitled.

Respectfully submitted,

**EICHELBAUM WARDELL**
**HANSEN POWELL & MEHL, P.C.**

By: _Jennifer A. Powell_
Jennifer A. Powell
Texas Bar No. 00783554
Abraham F. Barker
Texas Bar No. 24073241
4201 W. Parmer Lane, Suite A100
Austin, Texas 78727
512/476-9944
512/472-2599 fax

*Attorneys for Manor Independent School District*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent via email as per agreement and/or court-generated electronic means on December 10, 2013, to the following:

Gary L. Bledsoe
Matt Johnston
Potter Bledsoe, LLP
316 West 12th Street, Suite 307
Austin, Texas 78701
*Attorneys for Deydra Steans*

_Jennifer A. Powell_
Jennifer A. Powell

Filed
13 February 15 A11:00
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-000241

CAUSE NO. D-1-GN-13-000241

| | | |
|---|---|---|
| DEYDRA STEANS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MANOR INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| Defendant. | § | 200TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

COMES NOW, Defendant Manor Independent School District ("MISD") and files this its Original Answer to Plaintiff's Original Petition (the "Petition") and would show as follows:

### I. GENERAL DENIAL

1. Subject to the special exceptions and affirmative defenses below, and such stipulations and admissions as may be made, MISD asserts a general denial as is authorized by TEX. R. CIV. P. 92, and respectfully requests that Plaintiff be required to prove the charges and allegations made against MISD by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

### II. AFFIRMATIVE DEFENESES

1. MISD affirmatively pleads that Plaintiff is barred from recovery of punitive damages under Chapter 21 of the Texas Labor Code, because the MISD is a governmental entity.

2. MISD affirmatively pleads immunity from liability from one or more of Plaintiff's claims.

3. MISD affirmatively pleads that Plaintiff's claims under Chapter 21 of the Texas Labor Code are limited by the statutory cap provided in Section 21.2585.

4. MISD affirmatively pleads** that all actions taken with respect to Plaintiff were made in good faith and for good cause, were justified or privileged, and were at all times

motivated and required by legitimate business considerations, which were essential and necessary to the operation of MISD's business, and were not, solely or in part, unlawful.

5.     MISD affirmatively pleads that it took actions which were prompt, reasonable and remedial in response to any complaints by Plaintiff.

6.     MISD affirmatively pleads that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

7.     MISD affirmatively pleads that it has at all times acted in good faith and in compliance with federal and state law. MISD has neither intentionally, nor willfully, violated Plaintiff's rights in any manner or acted maliciously or negligently with respect to Plaintiff or any aspect of her employment, and at no time has MISD acted with any intent to injure Plaintiff.

8.     In addition to the foregoing affirmative defenses, MISD affirmatively retains the right to add additional affirmative defenses, including those provided in Texas Rule of Civil Procedure 94, upon the completion of discovery.

### III.  SPECIAL EXCEPTIONS

In accordance with Rules 90 and 91 of the Texas Rules of Civil Procedure, MISD files the following special exceptions to the Petition:

1.     MISD specially excepts to paragraph 38 of the Petition, wherein Plaintiff seeks a "Declaratory Judgment" and asks the Court to order MISD to "operate its girls' athletic program equitably to its boys' athletic program." See Original Petition at H. By merely seeking the Court order MISD to operate its programs "equitably," MISD cannot determine with sufficient specificity the remedy that Plaintiff seeks. Plaintiff has failed to give notice of its claim for relief as required by Rules 45 and 47 of the Texas Rules of Civil Procedure, and consequently MISD does not have sufficient information to prepare a defense to this claim. Therefore, MISD requests

that Plaintiff be required to amend the Petition to more sufficiently plead its "Declaratory Judgment."

2. MISD specially excepts to paragraph 36 of the Petition, wherein Plaintiff requests that the athletic program at MISD be "appointed to a receivership," because chapter 64 of the Texas Civil Practice and Remedies Code does not allow a receivership to be appointed in this case. See Original Petition at G; TEX. CIV. PRAC. REM. CODE §64.001.

## IV. REQUEST FOR DISCLOSURE

1. MISD requests that Plaintiff disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Manor Independent School District requests judgment of the Court as follows:

1. Plaintiff takes nothing by this suit;

2. MISD recover all costs, including reasonable and necessary attorney's fees, together with such other and further relief in law and equity to which Manor ISD may be entitled.

Manor ISD's Original Answer                                                    Page 3

Respectfully submitted,

ЕICHELBAUM WARDELL
HANSEN POWELL & MEHL, P.C.

By: _Jennifer A. Powell_

Jennifer A. Powell
Texas Bar No. 00783554
Sterling T. Burleson II
Texas Bar No. 24072011
4201 W. Parmer Lane, Suite A100
Austin, Texas 78727
512/476-9944
512/472-2599 fax

*Attorneys for Manor Independent School
District*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent via court-generated electronic means and/or facsimile on this the 15th day of February, 2013, to the following:

Gary L. Bledsoe
Matt Johnston
Law Offices of Gary L. Bledsoe and Associates
316 West 12th Street, Suite 307
Austin, Texas 78701
*Attorneys for Deydra Steans*

_Jennifer A. Powell_

Jennifer A. Powell

# DISTRICT CLERK RECORDS SEARCH

<span style="color:red">**EXHIBIT C**</span>    Logout

| Records Request |
| New Search |
| Back |

 **D-1-GN-13-000241 - STEANS V MANOR ISD (Court 200)**

| Summary | Events | Parties | Documents |

Note: Documents may take a few minutes to load, do not press the refresh or back button

### Available Document Images

Drag a column header here to group by that column

| File Date | Document Type | Pages | View |
|-----------|---------------|-------|------|
| 01/18/2013 | ORIGINAL PETITION/APPLICATION | 23 | 📄 |
| 01/29/2013 | EXE SERVICE OF CITATION | 2 | 📄 |
| 02/15/2013 | ANSWER & ADDITIONAL PLEADING | 4 | 📄 |
| 03/20/2013 | MTN:OTHER MOTION | 26 | 📄 |
| 04/16/2013 | AMENDED PETITION | 26 | 📄 |
| 05/02/2013 | LETTER | 1 | 📄 |
| 07/25/2013 | ORD:DISCOVERY | 7 | 📄 |
| 09/11/2013 | AMENDED PETITION | 25 | 📄 |

Page 1 of 6 (44 items)    [1]  2  3  4  5  6

# DISTRICT CLERK RECORDS SEARCH

 Logout

| Records Request |
| New Search |
| Back |

 **D-1-GN-13-000241 - STEANS V MANOR ISD (Court 200)**

| Summary | Events | Parties | Documents |

👥 Note: Documents may take a few minutes to load, do not press the refresh or back button

### Available Document Images

Drag a column header here to group by that column

| File Date | Document Type | Pages | View |
|---|---|---|---|
| 11/11/2013 | MTN:MULTIPLE CIVIL MOTIONS | 5 | 📄 |
| 11/21/2013 | RULE 203.2 CERTIFICATE | 8 | 📄 |
| 12/09/2013 | RESPONSE TO MOTION/PLEADING | 14 | 📄 |
| 12/09/2013 | NTC:HEARING/SETTING | 2 | 📄 |
| 12/10/2013 | ORIGINAL ANSWER | 4 | 📄 |
| 12/16/2013 | RESPONSE TO MOTION/PLEADING | 9 | 📄 |
| 12/16/2013 | ORD:OTHER ORDER | 1 | 📄 |
| 08/25/2014 | MTN:OTHER MOTION | 17 | 📄 |

Page 2 of 6 (44 items)      1   [2]   3   4   5   6

# DISTRICT CLERK RECORDS SEARCH

Logout

 **D-1-GN-13-000241 - STEANS V MANOR ISD (Court 200)**

Records Request

New Search

Back

| Summary | Events | Parties | Documents |
|---------|--------|---------|-----------|

Note: Documents may take a few minutes to load, do not press the refresh or back button

| Available Document Images | | | |
|---|---|---|---|
| Drag a column header here to group by that column | | | |
| File Date | Document Type | Pages | View |
| 09/11/2014 | MTN:OTHER MOTION | 18 | 📄 |
| 10/29/2014 | OTHER ANSWER/RESPONSE | 39 | 📄 |
| 10/30/2014 | ORD:OTHER ORDER | 1 | 📄 |
| 03/04/2015 | OTHER ANSWER/RESPONSE | 397 | 📄 |
| 03/05/2015 | MTN:OTHER MOTION | 36 | 📄 |
| 03/09/2015 | NTC:OTHER NOTICE | 2 | 📄 |
| 04/09/2015 | OTHER ANSWER/RESPONSE | 55 | 📄 |
| 04/09/2015 | OTHER ANSWER/RESPONSE | 103 | 📄 |
| Page 3 of 6 (44 items)      1    2    [3]    4    5    6 | | | |

# DISTRICT CLERK RECORDS SEARCH

 Logout

 **D-1-GN-13-000241 - STEANS V MANOR ISD (Court 200)**

| Records Request |
|:---:|
| New Search |
| Back |

| Summary | Events | Parties | Documents |

Note: Documents may take a few minutes to load, do not press the refresh or back button

| Available Document Images | | | |
|---|---|---|---|
| Drag a column header here to group by that column | | | |
| **File Date** | **Document Type** | **Pages** | **View** |
| 04/09/2015 | OTHER ANSWER/RESPONSE | 102 | 📄 |
| 04/09/2015 | OTHER ANSWER/RESPONSE | 168 | 📄 |
| 04/09/2015 | MTN:OTHER MOTION | 12 | 📄 |
| 04/09/2015 | OTHER ANSWER/RESPONSE | 215 | 📄 |
| 04/14/2015 | OTHER FILING | 9 | 📄 |
| 04/14/2015 | OTHER ANSWER/RESPONSE | 17 | 📄 |
| 04/14/2015 | OTHER FILING | 10 | 📄 |
| 04/16/2015 | OTHER FILING | 127 | 📄 |
| Page 4 of 6 (44 items)     1   2   3   [4]   5   6 | | | |

# DISTRICT CLERK RECORDS SEARCH



 **D-1-GN-13-000241 - STEANS V MANOR ISD (Court 200)**

| Records Request |
| New Search |
| Back |

| Summary | Events | Parties | Documents |

Note: Documents may take a few minutes to load, do not press the refresh or back button

| Available Document Images | | | |
|---|---|---|---|
| Drag a column header here to group by that column | | | |
| File Date | Document Type | Pages | View |
| 04/16/2015 | OTHER ANSWER/RESPONSE | 72 | 📄 |
| 04/16/2015 | OTHER ANSWER/RESPONSE | 230 | 📄 |
| 04/24/2015 | OTHER FILING | 74 | 📄 |
| 04/24/2015 | OTHER ANSWER/RESPONSE | 27 | 📄 |
| 04/28/2015 | NTC:OTHER NOTICE | 3 | 📄 |
| 05/06/2015 | OTHER FILING | 4 | 📄 |
| 05/06/2015 | OTHER FILING | 10 | 📄 |
| 05/06/2015 | OTHER FILING | 5 | 📄 |
| Page 5 of 6 (44 items)    1   2   3   4   [5]   6 | | | |

# DISTRICT CLERK RECORDS SEARCH

 Logout

| Records Request |
|---|
| New Search |
| Back |

 **D-1-GN-13-000241 - STEANS V MANOR ISD (Court 200)**

| Summary | Events | Parties | Documents |
|---|---|---|---|

Note: Documents may take a few minutes to load, do not press the refresh or back button

| Available Document Images | | | |
|---|---|---|---|
| Drag a column header here to group by that column | | | |
| File Date | Document Type | Pages | View |
| 05/08/2015 | !MTN:OTHER MOTION | 13 | |
| 05/12/2015 | OTHER FILING | 2 | |
| 05/13/2015 | NTC:NOTICE OF APPEAL | 2 | |
| 05/13/2015 | MTN:OTHER MOTION | 5 | |

Page 6 of 6 (44 items)        1    2    3    4    5    [6]

## AFFIDAVIT OF GARY L. BLEDSOE

STATE OF TEXAS          §
TRAVIS COUNTY          §

Before me, the undersigned notary, on this day personally appeared Gary L. Bledsoe, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Gary L. Bledsoe. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. The parties recently completed hearings on Motions for Summary Judgment and Pleas to the Jurisdiction filed by MISD on or about March 4, 2015. The hearings were held in April after hundreds of pages were filed by MISD as either part of the motion, evidence in support thereof or post trial briefing which was permitted by the court. After the trial court heard extensive argument on the case and was able to study and review the filings of the parties, the trial court granted a number of MISD's requests but did not do so regarding various claims under Chapter 21 Texas Labor Code though it did eliminate one of those claims. Trial has been set for May 18, 2015 for quite some time. The trial court issued a letter indicating what it intended to do, but to our knowledge has not entered an order in the case as the parties disagree as to the order that should be entered and have tendered separate orders to the court to consider. Ms. Steans has worked diligently in regards to trial deadlines that both parties have known for months and has filed her witness and exhibit lists, deposition excerpts intended for use and motions in limine. Also, witnesses have been contacted and committed to appear for the trial of the case. The undersigned counsel was unable to undertake out of state travel to a Board Meeting in Florida because of commitment to this litigation. The case was filed January 18, 2013, and the last pleading filed by Steans was September 11, 2013 and the last answer filed by MISD was December 10, 2013. This is beyond the 180 days the law contains for a litigant to maintain an automatic stay.

3. The trial was jointly set by counsel on the urging of a district court judge. It was set for Monday the 18th of May. Travis County has many pre-trial rules regarding upcoming trials, and though the matters regarding the pending motion for summary judgment and plea to the jurisdiction were unsettled, Ms.

Steans worked diligently to prepare witness lists, exhibit lists, deposition excerpt designations, and motions in *limine* in order to be ready for trial.

4. Though the Motion and Plea filed by the Appellants was a voluminous document, our short description of what was contained is as follows:

i. Plaintiff's request for a receivership and declaratory and injunctive relief should be dismissed--this was not fact based.

ii. Alternatively, the Plea regarding Plaintiff's request for prospective relief (including receivership and declaratory) regarding girl's athletic program should be granted based on immunity.

iii. Alternatively, the Plea regarding Plaintiff's request for appointment of receiver should be granted based on lack of jurisdiction because Plaintiff failed to exhaust admin remedies.

iv. The Plea to the Jurisdiction regarding Plaintiff's Chapter 21 Labor Code claims should be granted because barred by immunity based on failure to timely exhaust administrative remedies

v. Defendant's Plea to the Jurisdiction should be granted regarding Plaintiff's retaliation claims because cannot demonstrate some required elements of claim.

vi. Alternatively, even if Plaintiff shows prima facie retaliation and/or sex discrimination, Court should grant the Plea to the Jurisdiction based on pretext.

vii. Court should grant the Plea to the Jurisdiction on Plaintiff's Chapter 21 claims regarding disparate treatment of coaches in the boys as compared to the girls program [such a claim was not actually made].

viii. The Court should grant the Plea to the Jurisdiction on Plaintiff's claims of retaliatory failure to hire/offer Plaintiff a new coaching contract in violation of Chapter 21.

ix. Court should grant the Plea to the Jurisdiction on Plaintiff's claim of sexual harassment/hostile environment because Plaintiff has no evidence of the required elements.

x. Even if Plaintiff can establish the elements of a hostile environment claim based on sexual harassment and retaliatory hostile environment, Defendant is entitled to an affirmative defense because it established an affirmative defense.

xi. Court should grant the Plea to the Jurisdiction on Plaintiff's free speech retaliation claim

xii. Court should grant the Plea to the Jurisdiction as to Plaintiff's common law claims because they were barred by sovereign immunity and preempted by Chapter 21.

xiii. Court should grant Defendant's Plea to the Jurisdiction on Plaintiff's claim for exemplary damages

5. Appellee is harmed by the delay of the trial. However, Appellant's counsel and opposing counsel were in a mediator's office until approximately 8:30 last night negotiating in good faith."

_____
Gary L. Bledsoe

Sworn to and subscribed before me by Gary L. Bledsoe on May 15 , 20 15 .

_____
Notary Public in and for
the State of Texas
My commission expires:
2/20/2018

MIRANDA NICOLE ALVAREZ
Notary Public, State of Texas
My Commission Expires
February 20, 2018